EUGENIE HOHMANN, ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF CHARLES HOHMANN, DE-
CEASED, APPELLANT, v. RIVERLAWN SANATORIUM,
A CORPORATION, AND, IN THE ALTERNATIVE, CLARA
S. MILLSPAUGH, RESPONDENTS.

Submitted October 29, 1926—Decided January 31, 1927.

Plaintiff's intestate was admitted to defendant's sanatorium for ob-
servation and medical treatment only, and not under a provision
for restraint or confinement, either as the result of legal proceed-
ings or by voluntary agreement imposing restraint and custody.
Plaintiff's intestate disappeared from the institution and hanged
himself—*Held*, that the death of plaintiff's intestate was not the
proximate result of any failure of duty owing by the defendant
under the agreement of admission.

---

On appeal from judgment of the Supreme Court.

For the appellant, *Lewis B. Eastmead.*

For the respondents, *John L. Griggs.*

The opinion of the court was delivered by

CAMPBELL, J.    Appellant's intestate, her husband, was ad-
mitted to respondents' institution on September 16th, 1925,
for treatment and examination, for and as to his mental con-
dition.    He had a tendency to commit suicide, having made
two unsuccessful attempts to take his life prior to entering
respondents' sanatorium.    He remained there until Septem-
ber 25th or 26th, when he disappeared and his dead body was

found hanging from a tree in a woods in West Paterson on September 30th.

Appellant brought an action against respondents under the Death act, contending that the death of her intestate was the result of negligence of the respondents.

At the conclusion of appellant's case a nonsuit was moved and granted by the trial court upon the grounds that no act of negligence had been shown and because under the circumstances no recovery could be had under the Death act.

There was no error in this action of the trial court.

There was no duty of restraint owing from respondents toward appellant's intestate. He was not admitted to the sanatorium under any provision for restraint or confinement as the result of legal proceedings, nor did he voluntarily impose restraint and custody upon himself by his agreement with respondents, but by such agreement he was admitted as a patient for observation and medical treatment only. His death was not the proximate result of any failure of duty owing to him by respondents under this agreement of admission.

The judgment below is therefore affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.